FEDERICO CASTELAN SAYRE, ESQ., SBN 067420
Email: sayreesq@sayrelevitt.com
MAHADHI CORZANO, ESQ., SBN 254905
Email: mcorzano@sayrelevitt.com
**SAYRE & LEVITT, LLP**
333 CIVIC CENTER DRIVE WEST
SANTA ANA, CALIFORNIA 92701
Phone (714) 550-9117
Fax (714) 716-8445

Attorneys for Plaintiff TRAVIS MOCK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS MOCK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER CHRIS GERBER; and DOES 1–10 inclusive;<br><br>Defendants. | Case No: 8:13-cv-00039-JST-MLG<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>1. VIOLATION OF FEDERAL CIVIL RIGHTS (42 USC §§ 1983, 1985 and 1988)<br>2. ASSAULT<br>3. BATTERY<br>4. NEGLIGENCE<br><br>JURY TRIAL DEMANDED |

COMES NOW Plaintiff TRAVIS MOCK complains and alleges as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and the Fourth, Eighth and Fourteenth Amendments of the United States Constitution against defendant, OFFICER CHRIS GERBER, and DOES 1–10.

2. It is herein alleged that defendants OFFICER CHRIS GERBER, and DOES 1–10 and/or other unknown officers from the Tustin Police Department or individuals employed by defendants, and each of them, injured Plaintiff TRAVIS

MOCK and arrested him without legal cause or excuse, made an unreasonable seizure of his person, violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and subjected him to summary, cruel and unusual punishment in violation of the Eighth Amendment.

## JURISDICTION

3. This Court has original jurisdiction founded upon Federal Question pursuant to 28 U.S.C. § 1331 as the claims herein asserted are based upon violations of rights guaranteed by the United States Constitution. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343.

4. This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

5. Venus is proper in the Central District of Court of California in that one or more defendants reside in the County of Orange, State of California, as more fully set forth herein. Defendants are properly before this Court because "a substantial part of the events upon which this action is based occurred in this district." 28 USC § 1391(b)(2) and § 1343. The incident took place in the city of Tustin, County of Orange, State of California.

## PARTIES

4. Plaintiff, TRAVIS MOCK (hereinafter "MOCK") was a resident of the County of Riverside, California during all times relevant hereto.

5. Plaintiff MOCK is informed and believes and thereon alleges that OFFICER CHRIS GERBER (hereinafter "GERBER") is a police officer for the Tustin Police Department employed by the City of Tustin.

6. At all times mentioned herein, Defendant GERBER (Badge No. 1035), an individual, was acting within the course and scope of her employment as an officer, deputy, detective, sergeant, lieutenant, captain, commander and/or civilian employee of the Tustin Police Department, and was authorized by the City of Tustin and/or Tustin Police Department to perform the duties and

responsibilities of a sworn officer of and for the City of Tustin, and all acts hereinafter complained of were performed by him within the course and scope of his duties as an officer and official.

7. At all times relevant hereto, all DOE defendants, and each of them, were acting within the course and scope of their employment as deputies, officers, detectives, sergeants, lieutenants, captains, commanders, deputy chiefs, chiefs and/or civilian employees of the Tustin Police Department and/or a subdivision of the City of Tustin and at all times were acting with permission and consent. Officer GERBER, and each of them, were specifically authorized by defendant the City of Tustin and/or the Tustin Police Department to perform the duties and responsibilities of sworn officers of and for the City of Tustin; and all acts hereinafter complained of were performed by them within the course and scope of their duties as officers and officials for said defendant, and its police department, and are herein sued in their individual capacities and in their official capacities as officers, detectives, sergeants, lieutenants, captains, commanders, deputy chiefs, chiefs, supervisors, policy makers and/or as other employees of the Tustin Police Department. Said defendants, and each of them, at all times relevant hereto, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of the City of Tustin, and/or its police department.

8. Plaintiff MOCK is ignorant of the true names and capacities of defendants, sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff MOCK will amend this complaint to allege said defendants' true names and capacities when such are ascertained. Plaintiff MOCK is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff MOCK's damages as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

9. At all times relevant herein, defendant DOES 1 through 10 were supervisors, employees and/or policy makers for the City of Tustin, which employed unlawful, organized and illegal customs and practices of excessive force, false arrests which lacked probable cause. Said misconduct was encouraged, tolerated and condoned by each of the defendants.

## FACTUAL ALLEGATIONS

10. Plaintiff MOCK incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

11. On or about May 5, 2012, Plaintiff MOCK arrived at the home of Breanna Grave's residence located in Tustin, California. Prior to his arrival, Ms. Graves had agreed for Plaintiff MOCK to stay at her residence for a short period.

12. After Plaintiff MOCK's arrival, a verbal argument ensued between Ms. Grave and her boyfriend. A short while later the verbal argument ceased and Plaintiff MOCK went to the back of the residence to take a shower, while Ms. Graves and her boyfriend left the residence.

13. While Plaintiff MOCK was in the shower, he heard loud knocking on the front door of the residence. Plaintiff MOCK exited the shower, clothed and went to the front door. Outside the residence, there were several police officers from the City of Tustin who told Plaintiff MOCK that there were called because someone complained about yelling.

14. The police officers, including Defendant GERBER, inspected the residence and found no signs of altercations. During the inspection, one of the police officers went through Plaintiff MOCK's overnight suitcase and found Plaintiff MOCK's copy of his lawsuit filed against the Anaheim Police Department. Immediately, the police officer alerted the other police officers, including Defendant GERBER, that Plaintiff MOCK was suing a fellow police officer.

15. The police officers, including Defendant GERBER, began threatening him, treating him badly, and making fun of him. The police officers, including

Defendant GERBER, handcuffed Plaintiff MOCK very tightly, in a twisting fashion. The police officers, including Defendant GERBER, yanked Plaintiff MOCK from the back of his arm, causing him great pain, and slammed him into the door of the patrol car. The police officers, including Defendant GERBER, asked Plaintiff MOCK how he likes suing police officers now.

16. One of the police officers mentioned herein called Plaintiff MOCK's probation officer and told him that Plaintiff MOCK was in a known "drug house" where they found drug paraphernalia. Based on the information received from the police officer, Plaintiff MOCK's probation officer put a hold on Plaintiff MOCK.

17. The police officers took Plaintiff MOCK to County jail whereby he was imprisoned for ten (10) days.

18. Plaintiff MOCK was not charged with any crime but was denied his liberty for ten (10) days, in retaliation for having filed a lawsuit against a police officer.

19. At no time during the course of the events that took place on May 7, 2012 did Plaintiff MOCK pose any reasonable threat of harm or violence to the defendants, and each of them, nor did Plaintiff MOCK do anything to justify the force used against him and the same was severe, excessive, unnecessary, and unlawful.

20. Based upon information and belief, the defendants, and each of them, while acting within the course and scope of their employment the City of Tustin and/or the Tustin Police Department, detained, and arrested Plaintiff MOCK which was a violation of his Fourth Amendment rights to be free from unreasonable search and seizure as he had committed no crimes and there was no reason for him to not be able to be free from being detained.

21. The activities undertaken by the defendants, and each of them, constituted an inappropriate seizure of the person under the Fourth Amendment of the United States Constitution as Plaintiff MOCK was clearly not able to walk away from the control of defendants, and each of them, and had, without any

probable cause, been subjected to an unreasonable search and seizure of the person.

22. Defendants, and each of them, negligently, recklessly, intentionally, tortiously and/or committed bodily injury upon Plaintiff MOCK and in violation of Plaintiff's civil rights, twisted his arm, handcuffed him and slammed him onto the door of the police car

23. Plaintiff MOCK is informed, believes and thereupon alleges that Plaintiff MOCK suffered great pain and anguish after he was attacked and will continue to suffer pain, anguish, and other debilitating and permanent effects from his injuries.

24. Plaintiff MOCK alleges that Defendant GERBER, and each of them, acted in violation of the United States Constitution and that Plaintiff MOCK's constitutional rights were violated. Defendant GERBER, and each of them, acted in violation of Plaintiff's constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States constitution and the actions undertaken by the defendants, and each of them, constituted cruel and unusual punishment of Plaintiff, an unjustified seizure of his person, deprivation of his liberty interest, excessive force and were in violation of Plaintiff's civil rights under color of law under 42 U.S.C. § 1983 and other sections of the United States Code as more fully set forth herein. Plaintiff was subjected to an excessive amount of force where he had committed no criminal act, engaged in no suspicious criminal activity, and was seized without probable cause by Defendant GERBER, and each of them, while acting under color of law, pursuant to their actual and apparent authority.

25. As a direct and proximate result of the aforementioned acts of the defendants, and each of them, Plaintiff MOCK suffered the following injuries and damages which are recoverable by Plaintiff under the Federal Civil Rights statutes identified herein:

   a. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

   b. Conscious physical pain, suffering, and emotional trauma.

   c. Loss of income and lost earning capacity.

26. On or about May 24, 2012, Plaintiff filed a governmental claim with the City of Tustin pursuant to the requirements of California Government Code Section 900 *et seq.* On or about July 9, 2012, the City of Tustin rejected Plaintiff MOCK's claim.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW
## [42 USC §§ 1983, 1985 and 1988]
### Against Defendant GERBER and DOES 1-10

27. Plaintiff MOCK hereby repeats, re-alleges and incorporates each and every allegation of each and every preceding paragraph above as though fully set forth herein.

28. This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of California.

29. At the time of the incident, Defendant GERBER and DOES 1-10 were acting within the course and scope of their employment from their employers the City of Tustin and the Tustin Police Department. Defendant GERBER, and each of them, owed a duty of ordinary care to avoid harm to Plaintiff MOCK.

30. Plaintiff MOCK contends and herein alleges that the Defendant GERBER, and each of them, breached these aforementioned duties when Defendant GERBER threatened, handcuffed, detained, and injured him.

31. Plaintiff MOCK contends and herein alleges that the aforementioned breach of their duties by the defendants, and each of them, constituted violations of the civil rights of Plaintiff, in contravention of 42 U.S.C. §1983 of the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the State of California. Plaintiff MOCK further contends and alleges that the Defendant GERBER's disregard of their aforementioned civil rights was done by either actual malice or deliberate indifference to Plaintiff MOCK's civil rights. Plaintiff MOCK further contends and alleges that Defendant GERBER conspired with other peace officers to have him arrested for no reason.

32. Plaintiff MOCK contends and herein alleges that Defendant GERBER attack upon him was, in part, the legal cause of his injuries.

33. On or about May 7, 2012, Defendant GERBER, and each of them, violated Plaintiff MOCK's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution prohibiting unlawful search and seizure, cruel and unusual punishment and violation of due process of law. The violation was under color of state law. Defendant GERBER, and each of them, acted in violation of the Fourth Amendment of the United States Constitution.

34. The actions of Defendant GERBER, and each of them, as aforesaid violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and violated 42 U.S.C. § 1983. The violation of Plaintiff MOCK's civil rights directly and proximately caused the injuries and damages to him.

35. The false and illegal seizure and use of force of Plaintiff MOCK was in violation of his civil rights to be free from the unreasonable search and seizure of his person, to be free from the loss of his physical liberty interest, and for him to be free from cruel and unusual punishment and denial of substantive due process under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. In addition, in taking the aforesaid action the defendants, and each of

them, violated Plaintiff MOCK's Civil Rights by being deliberately indifferent to his physical security as set forth in *Wood v. Ostrander*, 879 F.2d 583.

36. Defendant GERBER, and each of their, actions as aforesaid, directly and proximately caused injuries and damages to Plaintiff MOCK.

37. As a direct and proximate result of the conduct of defendants, and each of them, Plaintiff MOCK suffered the following injuries and damages for which he may recover:

    a. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendment to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment;

    b. Conscious physical pain, suffering and emotional trauma;

    c. Medical expenses;

    d. Damages to clothing and other personal effects;

    e. Loss of income and lost earning capacity; and

    f. Punitive damages.

38. The conduct of the defendants, and each of them, were reckless and acted with callous indifference to the federally protected rights of Plaintiff MOCK. Defendant GERBER, and each of them, engaged in despicable conduct by using excessive force and was malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiff MOCK and Plaintiff MOCK is entitled to punitive damages in accord with constitutionally permitted limits to punish and make an example of the individual defendant deputies.

39. Plaintiff MOCK is entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendant GERBER's violations of Plaintiff MOCK's Civil Rights.

///

///

///

## SECOND CLAIM FOR RELIEF

## ASSAULT

### Against Defendant GERBER and DOES 1-10

40. Plaintiff MOCK hereby repeats, re-alleges and incorporates each and every allegation of each and every preceding paragraph above as though fully set forth herein.

41. Plaintiff MOCK invokes the pendant jurisdiction of this Court to hear this claim.

42. Defendant GERBER, and each of them, acted intending to cause harmful or offensive contact with Plaintiff MOCK.

43. Plaintiff MOCK reasonably believed that he was about to be touched in a harmful and offensive manner.

44. Plaintiff MOCK did not consent to Defendant GERBER's, and each of their, conduct.

45. Defendant GERBER's, and each of their, conduct was a substantial factor in causing Plaintiff MOCK's harm.

46. Said assault was not consented to by Plaintiff MOCK, nor was the Defendant GERBER's, and each of their, infliction of serious bodily injury upon Plaintiff MOCK privileged or immunized by the laws of the State of California.

47. As a direct and proximate result of said tortious and illegal acts and omissions of defendants, and each of them, Plaintiff has sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

   a. Physical and mental pain and suffering;
   b. Medical expenses;
   c. Lost earnings and lost earning capacity;
   d. Punitive and exemplary damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.*, (1981) Cal.App.3d 757 against the defendants, and each of them, only, in an amount

sufficient to punish and make an example of the defendants, and each of them, in order to promote greater safety and provide an incentive for defendants, and each of them, and others so situated to engage in safer practices.

48. Defendant GERBER, and each of them, engaged in malicious, willful, oppressive and despicable conduct as herein alleged and acted with a conscious disregard of Plaintiff's rights and with intent to vex, injure or annoy such as to constitute oppression, fraud or malice. Defendant GERBER, and each of them, engaged in a conscious and willful disregard caused injuries and damages to Plaintiff MOCK. Plaintiff MOCK is therefore entitled to punitive damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.*, (1981) Cal.App.3d 757 in an amount sufficient to punish and make an example of the defendants, and each of them, in order to promote greater safety and provide an incentive for the defendants, and each of them, and others so situated to engage in safer practices.

## THIRD CLAIM FOR RELIEF
### BATTERY
### Against Defendant GERBER and DOES 1-10

49. Plaintiff MOCK hereby repeats, re-alleges and incorporates each and every allegation of each and every preceding paragraph above as though fully set forth herein.

50. Plaintiff MOCK invokes the pendant jurisdiction of this Court to hear this claim.

51. Defendant GERBER, and each of them, touched Plaintiff MOCK with intent to harm Plaintiff MOCK. Plaintiff MOCK did not consent to being touched by Defendant GERBER, and each of them.

52. Plaintiff MOCK was harmed by the conduct of defendant GERBER, and each of them.

SECOND AMENDED COMPLAINT FOR DAMAGES

53. Said Battery was not consented to by Plaintiff MOCK, nor was the defendant GERBER's, and each of their, infliction of serious bodily injury upon Plaintiff MOCK privileged or immunized by the laws of the State of California.

54. Each of the individual defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiff MOCK of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiff MOCK to exemplary and punitive damages against all individual defendants and DOES 1-10.

55. As a direct and proximate result of said tortious and illegal acts and omissions of defendant GERBER, and each of them, Plaintiff MOCK has sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

   a. Physical and mental pain and suffering;

   b. Medical expenses;

   c. Lost earnings and lost earning capacity;

   d. Punitive and exemplary damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.,* (1981) Cal.App.3d 757 against the defendants, and each of them, only, in an amount sufficient to punish and make an example of the defendants, and each of them, in order to promote greater safety and provide an incentive for Defendants and others so situated to engage in safer practices.

56. Defendant GERBER and each of them, engaged in malicious, willful, oppressive and despicable conduct as herein alleged and acted with a conscious disregard of Plaintiff's rights and with intent to vex, injure or annoy such as to constitute oppression, fraud or malice. Defendant GERBER and each of them, engaged in a conscious and willful disregards caused injuries and damages to Plaintiff MOCK. Plaintiff MOCK is therefore entitled to punitive damages

12
SECOND AMENDED COMPLAINT FOR DAMAGES

pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.,* (1981) Cal.App.3d 757 in an amount sufficient to punish and make an example of the defendants, and each of them, in order to promote greater safety and provide an incentive for the defendants, and each of them, and others so situated to engage in safer practices.

## FOURTH CLAIM FOR RELIEF

## NEGLIGENCE

### Against Defendant GERBER and DOES 1-10

57. Plaintiff MOCK hereby repeats, re-alleges and incorporates each and every allegation of each and every preceding paragraph above as though fully set forth herein.

58. Plaintiff MOCK invokes the pendant jurisdiction of this Court to hear this claim.

59. Defendant GERBER, and each of them, owed a duty of care to Plaintiff MOCK.

60. Defendant GERBER, and each of them, breached their duty to Plaintiff MOCK as herein alleged.

61. Defendant GERBER, and each of them, had a duty to act reasonably under the circumstances, and that either through breach of that duty, or in failing to follow appropriate procedures, Plaintiff MOCK was attacked, falsely arrested and suffered serious and severe personal injury.

62. Defendant GERBER, and each of them, caused Plaintiff MOCK to suffer serious and severe personal injury by attacking and falsely arresting Plaintiff MOCK.

63. As a direct and proximate result of the breach of duty by defendant GERBER, and each of them, Plaintiff MOCK has sustained serious and severe personal injury.

64. As a direct and proximate result of said tortious and illegal acts and omissions of defendant, and each of them, Plaintiff MOCK has sustained and

13
SECOND AMENDED COMPLAINT FOR DAMAGES

incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

    a. Physical and mental pain and suffering;

    b. Damages to clothing and other personal effects;

    c. Medical expenses; and

    d. Lost earnings and lost earning capacity.

## PRAYER

Wherefore, Plaintiff MOCK for each and every claim for relief above demands the following relief, jointly and severally, against Defendant GERBER, and each of them;

1. For compensatory damages in the amount according to proof;
2. For general damages in the amount according to proof;
3. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988, Attorney fees Awards Act of 1976, and 42 USC section 1983.
4. Punitive and exemplary damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.*, (1981) Cal.App.3d 757;
5. Costs of suit necessarily incurred herein;
6. Prejudgment interest according to proof; and
7. Such other and further relief as the Court deems just and proper.

Dated: May 10, 2013

                    **SAYRE & LEVITT, LLP**

                    By: _____
                    Federico Castelan Sayre, Esq.
                    Mahadhi Corzano, Esq.
                    Attorneys for Plaintiff
                    TRAVIS MOCK

## DEMAND FOR JURY TRIAL

Plaintiff MOCK hereby demands a jury trial in the instant action on all stated causes of action.

Dated: May 10, 2013

SAYRE & LEVITT, LLP

By: _____
Federico Castelan Sayre, Esq.
Mahadhi Corzano, Esq.
Attorneys for Plaintiff
TRAVIS MOCK

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to this action. My business address is 333 Civic Center Drive West, Santa Ana, California 92701.

On May 10, 2013, I served the foregoing documents entitled: **SECOND AMENDED COMPLAINT FOR DAMAGES,** on all interested parties to this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

See attached service list

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary court of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above. I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **BY FEDERAL EXPRESS:** I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited with the express service carrier on that same day, in an envelope or package designated by the express service carrier with delivery fees provided for, at Santa Ana, California, in the ordinary course of business.

☐ **BY FAX:** I transmitted the foregoing document by facsimile transmission from (714) 716-8445 to the facsimile numbers indicated on the attached mailing list. The transmission was reported as complete and without error on the transmission report, which was properly issued by the transmitting facsimile machine. (Exhibits not faxed, are overnighted)

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on May 10, 2013, in Santa Ana, California.

Elsa V. Rivera
TYPE OR PRINT NAME                                              SIGNATURE

## SERVICE LIST

| Roberta A. Kraus, Esq.<br>Woodruff, Spradlin & Smart, APC<br>555 Anton Boulevard, Suite 1200<br>Costa Mesa, CA   92626<br>T: 714-415-1010<br>F: 714-415-1110<br>Email: BKraus@wss-law.com | <u>Attorney for Defendants</u><br>**CITY OF TUSTIN and OFFICER GERBER** |
|---|---|